**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Sukhbir Singh,<br>Petitioner<br>-vs-<br>Erik Rokosky, et al.,<br>Respondents. | CV-26-10517-PHX-JFM<br><br>**ORDER** |

Under consideration is Petitioner's counseled Petition for Writ of Habeas Corpus filed November 17, 2026 (Doc. 1).

**Background** - The essential facts of this case are undisputed. Petitioner is a native and citizen of India who entered the United States without inspection on or about December 31, 2022. Petitioner was subsequently detained on a Warrant for Arrest of Alien, but then released on an Order of Release on Recognizance, with terms of supervision. Petitioner was placed into removal proceedings as a present alien. Petitioner filed an application for asylum which remains pending before the BIA. Petitioner was granted employment authorization and has no criminal history. Petitioner has fully complied with the conditions of his release.

On November 12, 2026, Petitioner was working as a commercial truck driver, traveling on Interstate 40. Immigration and Customs Enforcement agents approached him while he was stopped at a rest area, questioned him on his immigration status. Petitioner cooperated and was detained despite his compliance with his order of supervision.

**Briefs** – Petitioner asserts his re-detention without a pre-deprivation or post-deprivation hearing is a violation of due process, his detention pursuant to 8 U.S.C. § 1225 is a statutory violation, and his detention resulted from a warrantless and unreasonable search and seizure in violation of the Fourth Amendment and 8 U.S.C. § 1357(a)(2)

because there was no cause to believe Petitioner was in the country in violation of law or would escape. Petitioner seeks *inter alia* declaratory relief, release, contemporaneous return of his documents and personal property, and injunctive relief, or alternatively a detention hearing under 8 U.S.C. § 1226(a).

The Court issued its Order to Show Cause (Doc. 4), directing Respondents to "show cause why the writ of habeas corpus should not be granted," and providing:

> Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein

(General Order 26-09 at 3, ¶ 10.)

On November 24, 2026, Respondents filed an Answer which simply asserts:

> Respondents do not oppose the Habeas Petition or Petitioner's requested relief for release from custody.

(Answer, Doc. 7 at 1.) The Court accepts this concession and failure to address the claims of the Petition as non-opposition to granting the Petition.

**IT IS THEREFORE ORDERED**:

(A) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** in part as provided herein.

(B) Respondents must **IMMEDIATELY RELEASE** Petitioner from custody under the same conditions that existed before his detention, and contemporaneously return to Petitioner his California commercial driver's license, Employment Authorization Document, and all Petitioner's other personal property in Respondents' possession or control contemporaneously with his release from custody.

(C) Respondents must file a **NOTICE OF COMPLIANCE** within three days of the filing of this Order.

(D) Absent a material change in Petitioner's circumstances, Respondents and their agents are **ENJOINED FROM RE-DETAINING PETITIONER** without three (3) days prior written notice and an opportunity for Petitioner to be heard by a neutral judge on the reasons for the re-detention and consideration of bond, at which hearing the

government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

(E) Any pending motions are **DENIED AS MOOT**.

(F) The Clerk of Court must enter **JUDGMENT** in Petitioner's favor and **CLOSE** this case.

Dated: November 25, 2026

26-10517-001o Order 26 11 25 on Petition for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge